### TUCKER *v*. GILMAN.

(*Supreme Court, General Term, First Department.*   April 17, 1891.)

LIABILITY FOR COSTS—PARTIES IN INTEREST—CONTEMPT.

Code Civil Proc. N. Y. § 3247, provides that costs may be adjudged against a person beneficially interested in an action though not a party thereto, and upon failure to pay the same he may be proceeded against as for a contempt.   *Held*, that a person so refusing to pay costs awarded against him as assignee of the plaintiff may be adjudged liable for contempt without showing that such refusal impairs or prejudices any rights of the defendant, and fined in the amount of such costs, to be paid to the defendant's attorney.

Appeal from special term, New York county.

Action by Mary A. P. Tucker (Preble Tucker, assignee) against Cornelia Gilman.   The said Preble Tucker, a person beneficially interested in the suit as assignee of the plaintiff, appeals from an order adjudging him in contempt for his failure to pay the defendant's costs as directed by the court.

Code Civil Proc. § 3247, is as follows: "Where an action is brought, in the name of another, by a transferee of the cause of action, or by any other person who is beneficially interested therein, or where, after the commencement of an action, the cause of action becomes, by transfer or otherwise, the property of a person not a party to the action, the transferee, or other person so interested, is liable for costs in the like cases, and to the same extent, as if he was the plaintiff; and where costs are awarded against the plaintiff the court may, by order, direct the person so liable to pay them.   Except in a case where he could not have been lawfully directed to pay costs personally if he had been a party, as prescribed in the last section, his disobedience to the order is a contempt of court:   But this section does not apply to a case where the person so beneficially interested is the attorney or counsel for the plaintiff, if his only beneficial interest consists of a right to a portion of the sum or property recovered, as compensation for his services in the action."

For former opinion see 11 N. Y. Supp. 555.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*George H. Fletcher*, for plaintiff.   *Charles J. Hardy*, for defendant.

VAN BRUNT, P. J.   On the 2d day of July, 1890, order was made and entered directing the payment by Preble Tucker of certain costs of this action upon the ground that he was beneficially interested therein.   The said Tucker appealed to the general term and to the court of appeals from said order. 26 N. E. Rep. 756.   In both these tribunals the order was fully affirmed with costs, and in January, 1891, certified copies of all the orders were served upon said Tucker, and demand made for the payment of said costs.   Tucker refused to pay the same, and thus application was made to punish him for a contempt, and the court made an order adjudging him in contempt for failure to pay costs as directed in order of July 2d, and fined him the amount of such costs, and both parties appeal.   The first point made by the appellant Tucker is that the order was improperly made because there was nothing before the court to show that his refusal to pay the costs did defeat, impair, impede, or prejudice any of the rights of the defendant in this action.   The fact that the appellant Tucker has refused to pay a sum of money is apparent. That he has refused to pay it as directed to the attorney of the defendant for her use is also conceded, and it needs no further proof to show damage; it follows as a matter of course.   The fact that the orders directed the payment of the money to defendant's attorney did not alter the question.   That form of order has been approved in this case by the court of last resort, and it is now too late for Preble Tucker to quibble at terms.   He was bound to comply with it, and if he did not he was guilty of contempt.   The amount of fine imposed freely indemnified the defendant, and although the court might have imposed an additional sum, yet we will not interfere in the discretion in this respect of the court below.   The costs of appeals were not included in order to show cause, and for this reason, if for no other, were properly refused consideration.   This proceeding was a motion in an action.   It was so considered by the moving party, as every paper is entitled in the action.   The order appealed from should be affirmed, without costs.   All concur.